IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) 2:19-cr-8-NR-28 |
| SHAMAR BANKS, | ) |
| Defendant. | ) |

## ORDER

On February 17, 2022, Defendant Shamar Banks pled guilty to conspiring to distribute Schedule I synthetic cannabinoid controlled substances.[1] Mr. Banks now moves to withdraw his guilty plea. ECF 3334. After careful consideration, the Court denies his motion.

A federal guilty plea is a "grave and solemn act" that is "accepted only with care and discernment." *United States v. Hyde*, 520 U.S. 670, 676-77 (1997) (cleaned up). Thus, Federal Rule of Criminal Procedure 11(d)(2)(B) prohibits withdrawal of a guilty plea before sentencing unless "the defendant can show a fair and just reason for requesting the withdrawal."

Mr. Banks bears the burden of demonstrating a "fair and just reason" to withdraw his guilty plea, and that burden is substantial. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The burden is substantial because "the defendant has sworn in open court that he actually committed the crime[]," he "has stated that he is pleading guilty because he is guilty," the "court has found a factual basis for the

---

[1] This case concerns a drug conspiracy involving 48 defendants. The trial group of Mr. Banks, Omari Patton, and Deshawn Burley was slated to go to trial on March 7, 2022. On February 17, 2022—over two weeks before trial—Mr. Banks elected to plead guilty. ECF 3258. Mr. Patton and Mr. Burley ended up going to trial, and were acquitted. Mr. Banks's motion to withdraw was filed six days after that verdict. It is understandable that Mr. Banks may have "buyer's remorse" for pleading guilty rather than going to trial. But buyer's remorse is not a sufficient basis to withdraw a plea, as discussed below.

plea," and the "court has explicitly announced that it accepts the plea." *Hyde*, 520 U.S. at 676. The Third Circuit has stated that a "shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Jones*, 336 F.3d at 252 (cleaned up). Instead, in making this determination, the Court must balance these three factors: "(1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason for withdrawing the plea." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) (citation omitted).

Additionally, because Mr. Banks bases his motion on a claim of ineffective assistance of counsel, he must establish that (i) "his attorney's advice was under all the circumstances unreasonable under prevailing professional norms" and (ii) he "suffered sufficient prejudice from his counsel's errors." *Jones*, 336 F.3d at 253-54 (citations omitted). Mr. Banks's motion suffers a fatal blow right out of the gate because he cannot establish either of these requirements.

Mr. Banks argues that "his plea was not entered knowingly, intelligently and voluntarily because he believes that counsel misadvised him on not relying on the holding in USA v. Emma Semler as a defense." ECF 3334, p. 2, ¶ 9. That is, according to Mr. Banks, his counsel gave him bad advice about the viability of a defense "that the joint acquisition or purchase of the controlled substance by [a] group of users to share among themselves is not a 'transfer' between them." *Id.* at pp. 1, ¶¶ 3-7. Mr. Banks believes that this defense was key to a jury finding his co-defendant, Omari Patton, not guilty at trial. *Id.* at ¶ 7. The premise of Mr. Banks's ineffective assistance of counsel claim is fundamentally flawed in two key respects, however.

First, the decision in *Semler* would not have helped Mr. Banks. As the government points out, the facts in that case were completely different. There,

"Semler and Werstler planned *together* to purchase drugs; traveled *together* to buy the drugs; and shared the drugs *together* for their own personal use." *United States v. Semler*, 858 F. App'x 533, 540 (3d Cir. 2021) (emphasis in original). Based on these core facts, the Third Circuit held that "the definition of 'distribute' under the Controlled Substances Act does not cover individuals who jointly and simultaneously acquire possession of a small amount of a controlled substance solely for their personal use." *Id.* at 534. But this holding was limited to "narrow circumstances evincing actual joint and simultaneous possession of a controlled substance[.]" *Id.* at 540.

There was no "joint and simultaneous possession" in this case, though. According to the factual basis for his plea, Mr. Banks did not jointly and simultaneously possess controlled substances with Mr. Patton or unindicted coconspirator, Rashon Gray. ECF 3355, p. 1. Indeed, that would have been impossible. The controlled substances originated outside prison with Dashawn Burley. *Id.* Obviously, Mr. Banks could not have simultaneously possessed controlled substances with Mr. Burley while Mr. Banks was incarcerated. Nor could he have done so with Mr. Patton, who was hundreds of miles away in a different prison. *Id.* Thus, a jury instruction at any trial involving Mr. Banks based on *Semler* would have been inappropriate.

Second, Mr. Banks is wrong that the jury based its verdict in Mr. Patton's trial in any way on the *Semler* holding. The Court did not provide a jury instruction based on *Semler* at any point during that trial.

Because Mr. Banks fails to meet the requirements for using an ineffective assistance of counsel argument to support his motion, the reason for withdrawing his plea is weak and this factor weighs heavily against him. *See, e.g.*, *United States v. Johnson*, No. 12-150, 2014 WL 2941224, at *2 (M.D. Pa. June 30, 2014) ("The Court finds that Defendant has failed to demonstrate that the alleged ineffective assistance

of his former counsel negates the voluntariness of his plea. … Accordingly, the Court finds that Defendant has failed to establish any 'just reason; that would require allowing him to withdraw his plea of guilty."), *aff'd,* 603 F. App'x 114 (3d Cir. 2015); *United States v. Lawton*, No. 12-295, 2014 WL 1698420, at *3 (W.D. Pa. Apr. 29, 2014) (Diamond, J.) (denying motion to withdraw guilty plea where "[defendant] has not shown that Attorney Moser's advice was under all the circumstances unreasonable under prevailing professional norms, nor has he shown that he has been prejudiced by Attorney Moser's handling of his case.").

The other factors weigh against withdrawal, too. Mr. Banks hasn't asserted his actual innocence—he's claimed he should have been apprised of a potential defense that doesn't apply, as discussed above. And the government would be prejudiced by his withdrawal. That's because "the trial for Mr. Banks's most closely associated co-defendants has already occurred." ECF 3355, p. 2. The government would have to go through the burden and expense of preparing another trial presentation based on similar evidence and testimony, which the Court and the parties sought to avoid through the phased trial plan everyone agreed upon.

For these reasons, Mr. Banks fails to meet his substantial burden of demonstrating a fair and just reason to withdraw his guilty plea.

\* \* \*

**AND NOW**, this **4th** day of **April, 2022**, it is hereby **ORDERED** that Mr. Banks's motion to withdraw his guilty plea (ECF 3334) is **DENIED**.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge